**WO**                                                         JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Doe aka Manuel Ortiz,<br><br>    Plaintiff,<br><br>vs.<br><br>Steve Tucker, et al.,<br><br>    Defendants. | No. CV 06-1651-PHX-MHM (ECV)<br><br>**ORDER** |

Plaintiff Juan Doe, confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $13.17. 28 U.S.C. § 1915(b)(1). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

///

///

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

Plaintiff's action presents one claim for relief and names the following Defendants: (1) Steve Tucker, advisory counsel to Plaintiff in his criminal case; (2) Sheriff Joseph Arpaio; and (3) Officer Leger. For relief, Plaintiff requests monetary relief and argues that Defendants should be suspended from their jobs.

## IV. Failure to State a Claim

Plaintiff's sole count alleges that Defendant Steve Tucker, Plaintiff's advisory counsel in Plaintiff's criminal case, conspired with Sheriff Arpaio to prevent Plaintiff from interviewing the witnesses in his case.

Plaintiff's claim necessarily fails. First, Plaintiff has not alleged any facts in support of his claim. He does not articulate what Defendants have done to prevent Plaintiff from interviewing his witnesses, or how Plaintiff's case was impacted by Defendants' conduct. Because Plaintiff's claim does not present sufficient facts to support the allegation of a constitutional violation, the claim will be dismissed.

Second, a prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. Whether an attorney representing a criminal defendant is a public defender, court-appointed counsel, or private counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981). Therefore, Plaintiff's civil rights claim against Defendant Tucker must fail unless Plaintiff can set out facts showing a conspiracy between his counsel and state officials to deny him the right to adequate representation under the Sixth Amendment. Plaintiff's Complaint does not set forth sufficient facts to support an allegation of a conspiracy.

However, to the extent he might be able to do so, Plaintiff's claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), because violation of the Sixth Amendment right to counsel in a criminal proceeding would necessarily imply the invalidity of Plaintiff's conviction. In view of the foregoing, the Complaint will be dismissed for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.17.

(3) The Complaint ( Doc. # 1) and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 8th day of August, 2006.

_____
Mary H. Murguia
United States District Judge